UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DEBRA MARTIN CHASE,                                    2017 CIV

                Plaintiff,                                    Judge

   -against-                                                     **COMPLAINT**

681 TIMES SQUARE FOOD CORP.                      **PLAINTIFF DEMANDS**
d/b/a PORT GOURMET DELI,                              **TRIAL BY JURY**
PALACE FUNDING INC.,
TRANSWORLD EQUITIES ASSOCIATES, INC.,
BROOKLYN GROUP CONTRACTORS and
THE CITY OF NEW YORK,

                Defendants.
------------------------------------------------------------------X

      Plaintiff, complaining of the Defendants by her attorneys, DE CARO & KAPLEN, LLP alleges upon information and belief as follows:

### JURISDICTION AND VENUE

1) At all times hereinafter mentioned, Defendants 681 TIMES SQUARE FOOD CORP., PALACE FUNDING INC., TRANSWORLD EQUITIES ASSOCIATES, INC, BROOKLYN GROUP CONTRACTORS and THE CITY OF NEW YORK were corporations duly organized and doing business within the State of New York.

2) At all times hereinafter mentioned, Plaintiff, DEBRA MARTIN CHASE was and still is domiciled and resides within the State of California.

3) The amount in controversy exceeds the sum of ONE HUNDRED

1

THOUSAND ($100,000) Dollars, exclusive of interest and costs.

4)     This Court has jurisdiction over this matter, pursuant to 28 U.S.C. 1332, since the parties are citizens of diverse states, and the amount in controversy exceeds the sum of ONE HUNDRED THOUSAND ($100,000) DOLLARS.

5)     Venue is properly placed in the United States District Court for the Southern District of New York since the occurrence complained of took place in County, City and State of New York within the Southern District of New York.

## AS AND FOR A FIRST CLAIM FOR RELIEF

6)     At all times hereinafter mentioned, Defendant THE CITY OF NEW YORK (hereinafter, "CITY") was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

7)     That prior to the commencement of this action and within ninety (90) days after the happening of the occurrence complained of herein and more specifically on December 1, 2016, Plaintiff served a Notice of Claim, in writing upon the said Defendant CITY, and was assigned claim number 2016PI033847.

8)     That prior to the commencement of this action, Plaintiff served upon the Defendant, THE CITY OF NEW YORK, Notice of her Intention to Commence an Action unless the claim presented to the City of New York was adjusted within the time prescribed by law.

9)     That on March 1, 2017, Plaintiff appeared and submitted to an oral examination pursuant to the General Municipal Law of the State of New York.

10) That although more than ninety (90) days have elapsed since the service of said Notice of Claim and Notice of Intention to Commence Action, said Defendant, CITY has failed, neglected, and refused to pay or adjust said claim.

11) This action is commenced within the time prescribed by law for the commencement of a law suit against a municipality.

12) At all times hereinafter mentioned, Defendant 681 TIMES SQUARE FOOD CORPORATION (hereinafter "TIMES SQUARE") was and still is a corporation duly organized under and by virtue of the laws of the State of New York.

13) At all times hereinafter mentioned Defendant TIMES SQUARE was and still is doing business under the name PORT GOURMET DELI (herein after "PORT GOURMET").

14) At all times hereinafter mentioned Defendant PALACE FUNDING INC., (hereinafter "PALACE"), was and still is a corporation duly organized under and by virtue of the laws of the State of New York.

15) At all times hereinafter mentioned Defendant TRANSWORLD EQUITIES ASSOCIATES, INC. (hereinafter "TRANSWORLD"), was and still is a corporation duly organized under and by virtue of the laws of the State of New York.

16) At all times hereinafter mentioned Defendant BROOKLYN GROUP CONTRACTORS (hereinafter "BROOKLYN CONTRACTORS"), was and still is a

corporation duly organized under and by virtue of the laws of the State of New York.

17    That at all times the sidewalk in front of 681 Eighth Avenue, County and City of New York, was and still is a public walkway.

18)    That on October 3, 2016 and prior thereto, the Defendant CITY, owned, operated, managed, maintained, and controlled the aforesaid sidewalk in front of 681 Eighth Avenue.

19)    On October 3, 2016, and prior thereto, Defendant PALACE owned commercial premises located at 681 EIGHTH AVENUE, County and City of New York.

20)    On October 3, 2016, and prior thereto, Defendant TRANSWORLD owned commercial premises located at 681 EIGHTH AVENUE, County and City of New York.

21)    On October 3, 2016, and prior thereto, Defendant TIMES SQUARE leased commercial space from Defendants PALACE and/or TRANSWORLD located at 681 Eighth Avenue, County and City of New York.

22)    That the lease agreement entered into between TIMES SQUARE and PALACE and/or TRANSWORLD was a comprehensive lease agreement obligating TIMES SQUARE to undertake all repairs, renovations, inspections of the sidewalk and entranceway adjacent to and/or in front of 681 Eight Avenue, County and City of New York and to keep said sidewalk and entranceway in good repair.

23) On October 3, 2016, and prior thereto Defendant TIMES SQUARE was doing business at 681 Eighth Avenue, County and City of New York under the name PORT GOURMET DELI.

24) On October 3, 2016, and prior thereto, Defendant PALACE and/or TRANSWORLD operated, managed, controlled, and/or maintained the entranceway and/or sidewalk adjacent to and/or in front of retail premises located at 681 Eighth Avenue, County and City of New York.

25) On October 3, 2016, and prior thereto, Defendant TIMES SQUARE operated, managed, controlled, and/or maintained the entranceway and sidewalk adjacent to and/or in front of retail premises located at 681 Eighth Avenue, County and City of New York.

26) On October 3, 2016 and prior thereto, Defendant PALACE, and/or TRANSWORLD, and/or TIMES SQUARE were exercising a special use of the sidewalk adjacent to and/or in front of retail premises located at 681 Eighth Avenue, County and City of New York.

27) Prior to October 3, 2016, Defendant PALACE and/or TRANSWORLD and/or TIMES SQUARE entered into an agreement, contract, and/or understanding with Defendant BROOKLYN CONTRACTORS for the construction, renovation, repair, and/or restoration work of the entranceway and sidewalk

adjacent to and/or in front of the retail premises located at 681 Eighth Avenue, City and County of New York.

28)   That prior to October 3, 2016, the Defendant PALACE, and/or TRANSWORLD, and/or TIMES SQUARE, and/or BROOKLYN CONTRACTORS obtained and/or should have obtained from the Defendant CITY a permit to construct, repair, and/or otherwise perform work and renovation at the above location and agreed to perform said construction, repair, and/or renovation, of the area in a good and proper manner and pursuant to the rules, regulations and ordinances of the City of New York.

29)   That prior to October 3, 2016, the Defendant CITY, and/or Defendant PALACE, and/or TRANSWORLD, and/or TIMES SQUARE, and/or BROOKLYN CONTRACTORS  performed construction, repair and/or renovation work at the aforesaid location.

30)   That it was the duty of the Defendant CITY, its servants, agents and/or employees to keep said sidewalk at the aforesaid location in a reasonably safe condition.

31)   That it was the duty of the Defendant PALACE, and/or TRANSWORLD, and/or TIMES SQUARE, and/or BROOKLYN CONTRACTORS, its servants, agents and/or employees to keep said sidewalk and entranceway to the premises at the aforesaid location in a reasonably safe condition.

32)   On October 3, 2016, the public sidewalk and entranceway to the aforesaid premises at the above location, and for a considerable period of time prior thereto,

was in a dangerous, hazardous defective and unsafe condition, thereby creating a menace, hazard, and nuisance to life and limb as well as a trap to members of the general public, and more particularly to the Plaintiff DEBRA MARTIN CHASE.

33) That the construction, and/or renovation, and/or repair work performed by the Defendant CITY and/or PALACE, and/or TRANSWORLD, and/or TIMES SQUARE, and/or BROOKLYN CONTRACTORS was performed in an improper, negligent, careless, and/or reckless manner.

34) That the dangerous and hazardous condition at the aforesaid location was created by the Defendant CITY and therefore no notice of was required pursuant to the Prior Notification Law, §50(g) of the General Municipal Law and subdivision (d) of §349-a-1.0 of Title A of Chapter 16 of the Administrative Code of the City of New York.

35) That pursuant to the Prior Notification Law, §50(g) of the General Municipal Law and subdivision (d) of §349-a-1.0 of Title A of Chapter 16 of the Administrative Code of the City of New York, the Defendant CITY and more particularly the Department of Transportation received written notice of the aforesaid defective condition more than fifteen (15) days before the happening of the occurrence complained of herein.

36) That despite said actual and/or constructive knowledge the Defendant CITY and/or Defendant PALACE, and/or TRANSWORLD, and/or TIMES SQUARE,

and/or BROOKLYN CONTRACTORS, neglected and failed to repair and/or remove and/or guard and/or warn members of the general public and more particularly the Plaintiff herein of the dangerous and/or hazardous condition at the aforesaid location and failed to render the aforesaid location reasonably safe.

37)  On October 3, 2016, Plaintiff, DEBRA MARTIN CHASE was caused to trip and fall as a result of a defective and hazardous condition of the sidewalk and entranceway to the aforesaid premises at the aforesaid location and was thereby precipitated to the ground resulting in severe and permanent personal injuries including a fracture of her ankle and other personal injuries.

38)  That the aforesaid incident was caused without any fault or negligence on the part of the Plaintiff contributing thereto.

39)  That it was the duty of the Defendants, their agents, servants and/or employees to provide Plaintiff and members of the general public with a safe pathway, and means of ingress and egress along the sidewalk and entranceway to the aforesaid premises at the aforesaid location.

40)  That the negligence of the Defendants, their agents, servants and/or employees consisted of carelessly, recklessly, and negligently owning, operating, managing, maintaining, controlling, and exercising a special use of the aforesaid location; in allowing the aforesaid location to be and become hazardous, dangerous and defective thereby creating a trap, menace, hazard to life and limb and a public nuisance; in failing to take steps to prevent the occurrence herein from happening;  in failing to post signs and/or warnings of said dangerous and

unsafe condition; in failing to inspect said area and remedy the condition thereat; in failing to place guards and/or barriers about the defective location to prevent persons from walking thereon; in performing dangerous, unsafe and/or incomplete repair and/or renovation work at the aforesaid area; in failing to properly perform repair and/or renovation work at the aforesaid area; in failing to provide a safe manner of ingress and egress into premises; in failing to exercise due and reasonable care at the aforesaid location; in failing to comply with the laws, rules, ordinances, statutes and regulations in such cases made and provided; in permitting a dangerous and hazardous condition despite actual and/or constructive knowledge and notice thereof and these Defendants were otherwise negligent.

41) That by reason of the foregoing, Plaintiff DEBRA MARTIN CHASE sustained severe and permanent personal injuries; became sick, sore, lame and disabled; sustained injuries to her nervous system; suffered mental anguish; was confined to bed and home; was incapacitated from attending her usual duties; required medical care and treatment and sustained economic damages as a result thereof.

42) That by reason of the foregoing, DEBRA MARTIN CHASE is entitled to recovery from the Defendants for all the damages which she has suffered and will

continue to suffer in an amount to be determined at trial of this matter together with the costs and disbursements of this action and interest.

## AS AND FOR A SECOND CLAIM FOR RELIEF

43)   Plaintiff, DEBRA MARTIN CHASE, repeats, realleges, and reiterates each and every allegation contained in paragraphs numbered "1" through "42" inclusive, with the same force and effect if more fully and at length set forth below.

44)   That by reason of the foregoing, Defendant PALACE, and/or TRANSWORLD, and/or TIMES SQUARE, and/or BROOKLYN CONTRACTORS, , their agents, servants and/or employees, contractors and/or subcontractors have violated statutes, codes, ordinances, rules and regulations of the City of New York, including but not limited to New York City Administrative Code 7-210 and are liable to Plaintiff herein by reasons of such statutory violations.

45)   That by reason of the foregoing, DEBRA MARTIN CHASE is entitled to recovery from the Defendants for all the damages which she has suffered and will continue to suffer in an amount to be determined at trial of this matter together with the costs and disbursements of this action and interest.

   WHEREFORE, Plaintiff DEBRA MARTIN CHASE demands judgment against the Defendants, jointly and severally for all of the damages which have been suffered and will continue to be suffered together with interest, costs and disbursements.

Dated:  Pleasantville, New York
        May 11, 2017

                                                    Yours etc.,

_____
MICHAEL V. KAPLEN, ESQ.
A member of the firm
De Caro & Kaplen, LLP
Attorneys for Plaintiff
427 Bedford Road, Suite 360
Pleasantville, NY 10570
(914) 747-4410
6132-MVK

11